UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| ENRIQUE ELMONO DENT AND<br>JOSLYN JANELLE DENT, | :<br>: | <br>CASE NO. 26-59309-lrc |
| | : | |
| Debtors | : | |
| | : | |

**APPLICATION TO EMPLOY BADER LAW**
**AS SPECIAL COUNSEL FOR TRUSTEE**

COMES NOW S. Gregory Hays, in his capacity as Chapter 7 Trustee ("Trustee") for the bankruptcy estate (the "Bankruptcy Estate") of Enrique Elmono Dent and Joslyn Janelle Dent ("Debtors"), and hereby files this *Application to Employ Bader Law as Special Counsel for Trustee* (the "Application"). In support thereof, Trustee shows the Court as follows:

1. Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on July 16, 2026.

2. Trustee was appointed as the interim Chapter 7 trustee in this case.

3. The meeting of creditors was concluded on August 20, 2026. Trustee is the duly appointed trustee in this case pursuant to 11 U.S.C. § 702(d).

4. Under 11 U.S.C. § 541(a), Debtor's filing of its bankruptcy petition created an estate comprised of, among other things, all legal and equitable interests of Debtors in property as of the Petition Date (the "Bankruptcy Estate").

5. The Bankruptcy Estate includes personal injury claims asserted by Enrique Elmono Dent ("E. Dent") in certain litigation styled *Enrique E. Dent v. Seth J. Cox, Civil*, Action No. 25EV003850, pending in the State Court of Fulton County (the "Litigation").

6. Trustee wishes to employ Bader Law, 3384 Peachtree Rd., Suite 500, Atlanta, GA 30326 ("Bader Law"), through Sarah B. Flack, who serves as Of Counsel to Bader Law, as special counsel for Trustee to represent the Bankruptcy Estate in connection with the Litigation.

7. Bader Law represented E. Dent in connection with the Litigation. Trustee proposes to employ Bader Law on a contingency fee basis, as follows: (i) forty percent (40%) of gross recovery, plus reimbursement of reasonable costs and expenses incurred or paid by Bader Law, if the matter goes to trial, or (ii) thirty-three percent (33%) of gross recovery, plus reimbursement of reasonable costs and expenses incurred or paid by Bader Law, if the matter is settled prior to trial.

8. Bader Law's employment is authorized under 11 U.S.C. §327(e), which provides that Trustee, "with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."

9. Trustee believes that Bader Law's experience and institutional knowledge of the Litigation provides value to the Bankruptcy Estate and will enable the Bankruptcy Estate to assert its claims in a more economical and efficient manner. Accordingly, Bader Law's employment as special counsel is in the best interest of the Bankruptcy Estate.

10. To the best of Trustee's knowledge, Bader Law has no professional, business, or other connection with Debtors (except as E. Dent's counsel in the Litigation), any creditors in this case, or any other party in interest, as well as their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

11. To the best of Trustee's knowledge: Bader Law represents no interest adverse to Trustee, Debtors, any creditors in this case, or any other party in interest, as well as their respective

attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, in the matters upon which Bader Law is to be engaged; and the employment of Bader Law will be in the best interest of this Bankruptcy Estate, Debtor, creditors of Debtor, and other parties in interest.

WHEREFORE, Trustee prays for authority to retain and employ Bader Law, through Sarah B. Flack in her capacity as Of Counsel to Bader Law, as special counsel for the purposes specified herein above, and that Trustee have such other and further relief as may be just and proper.

This 1st day of September, 2026

LAMBERTH, CIFELLI,
ELLIS & NASON, P.A.
*Attorneys for Trustee*

By: */s/ G. Frank Nason, IV*
G. Frank Nason, IV
Georgia Bar No. 535160
fnason@lcenlaw.com

6000 Lake Forrest Drive, N.W.
Suite 290
Atlanta, GA 30328
(404) 262-7373
(404) 262-9911 (facsimile)

**EXHIBIT "A"**

**RULE 2014 VERIFICATION WITH REGARD TO EMPLOYMENT OF SPECIAL COUNSEL**

The undersigned hereby declares under penalty of perjury:

1. I am Sarah B. Flack, Of Counsel to Bader Law, 3384 Peachtree Rd., Suite 500, Atlanta, GA 30326 ("Bader Law"). I am duly admitted to practice in the State of Georgia.

2. Bader Law has been asked to act as special counsel for S. Gregory Hays, in his capacity as Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Enrique Elmono Dent and Joslyn Janelle Dent ("Debtors").

3. In particular, the Firm has been asked to represent Trustee as special counsel in connection with personal injury claims asserted by Enrique Elmono Dent ("E. Dent") in certain litigation styled *Enrique E. Dent v. Seth J. Cox, Civil,* Action No. 25EV003850, pending in the State Court of Fulton County (the "Litigation").

4. Bader Law represented E. Dent in connection with the Litigation. Bader Law will be employed on a contingency fee basis as follows: (i) forty percent (40%) of gross recovery, plus reimbursement of reasonable costs and expenses incurred or paid by Bader Law, if the matter goes to trial, or (ii) thirty-three percent (33%) of gross recovery, plus reimbursement of reasonable costs and expenses incurred or paid by Bader Law, if the matter is settled prior to trial.

5. Bader Law has no professional, business, or other connection with Debtors (except as E. Dent's counsel in the Litigation), any creditors in this case, or any other party in interest, as well as their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

6. Bader Law represents no interest adverse to Trustee, Debtors, any creditors in this case, or any other party in interest, as well as their respective attorneys and accountants, the United

States Trustee, or any person employed in the office of the United States Trustee, in the matters upon which it is to be engaged; and the employment of Bader Law will be in the best interest of this Bankruptcy Estate, Debtors, creditors of Debtors, and other parties in interest.

7. Bader Law will not expect nor receive any compensation from the Bankruptcy Estate except upon application to and approval by the Bankruptcy Court after notice and hearing.

I verify that the above statements are true to the extent of my present knowledge and belief.

Dated: September 1, 2026

*/s/ Sarah B. Flack*
Sarah B. Flack
Georgia Bar No. 196115

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing *Application to Employ Bader Law as Special Counsel for Trustee*, using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program.

This 1st day of September, 2026

By: *<u>/s/ G. Frank Nason, IV</u>*
G. Frank Nason, IV
Georgia Bar No. 535160
fnason@lcenlaw.com

6000 Lake Forrest Drive, N.W.
Ste. 290
Atlanta, GA 30328
(404) 262-7373